# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:15-cv-00496-FDW-DSC

| | |
|---|---|
| LYNTON BALLENTINE, <br><br>    **Plaintiffs,**<br><br>vs.<br><br>HOLLY ROBINSON AND SURETY INSURANCE COMPANY, KAREN BUMGARDNER AND SURETY INSURANCE COMPANY, SHIANN ROSE SCHMIDT AND HUTCHENS LAW FIRM, JONATHAN CALEB ROGERS AND HUTCHENS LAW FIRM, CLAIRE COLLINS AND HUTCHENS LAW FIRM, JAMES B. NUTTER & COMPANY/JAMES B. NUTTER, and NORTH CAROLINA HOUSING FINANCE AGENCY,<br><br>    **Defendants.** | **ORDER** |

THIS MATTER is before the Court upon several motions by Defendants[1] to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Defendants Hutchens Law Firm LLP ("Hutchens"), Shiann Rose Schmidt, Claire Collins, and Jonathan Caleb Rogers also move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), for insufficient process pursuant to Rule 12(b)(4), and insufficient service of process pursuant to Rule 12(b)(5). For the reasons stated below Defendants' motions are GRANTED and

---

[1] Defendants Surety Insurance Company, Holly Robinson, and Karen Bumgardner have not responded to Plaintiff's Complaint.

1

Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

It should be noted that Plaintiff's Complaint is deficient in both clarity and cohesion so some of the facts and prayer for relief presented here are subject to the Court's best interpretation.

Parties agree that on February 14, 2012, Christina Vazquez entered into a loan agreement with Defendant James B. Nutter & Co. ("Nutter") for $117,187.00. (Compl. at 3). Plaintiff's Complaint states that Defendant Nutter's principal office is in Kansas City, Missouri. (Compl. at 2). Documents provided by Defendants indicate that on May 18, 2012, Vazquez entered into a second loan agreement with North Carolina Housing Finance Agency ("NCHFA") for $16,494.00. (Doc. No. 20, Ex. C at 1672). Defendant NCHFA has its principal office in Raleigh, North Carolina. (Compl. at 3). Both of these deeds of trust were recorded in the Forsyth County Register of Deeds. (Compl. at 3).

At the request of Defendant Nutter, Substitute Trustee Services, Inc. initiated foreclosure proceedings. (Compl. at 4). Defendant Hutchens was the counsel for Defendant Nutter for this foreclosure, and Defendants Schmidt, Collins, and Rogers are the employees of Defendant Hutchens that worked on this foreclosure. (Compl. at 2). Defendants Hutchens, Schmidt, Collins, and Rogers are all citizens of North Carolina. (Compl. at 2). Defendants state that on July 2, 2015, Vazquez was personally served with a Notice of Hearing.

According to Plaintiff's Complaint, on July 6, 2015 a General Warranty Deed and a Quit Claim Deed was prepared by Plaintiff and executed by Vazquez. (Doc. No. 10, Ex. G at 1557; Doc. No. 10, Ex. H at 1556). These documents purported to transfer ownership of Vazquez's property to Ballentine International Express Trust. Both of these documents state that no

2

consideration was given for this transfer. (Doc. No. 10, Ex. G at 1557; Doc. No. 10, Ex. H at 1555). Plaintiff, stating he is a Trustee for Ballentine International Express Trust, then filed a document titled "Trustee's Satisfaction of Deed of Trust." (Compl. at 3). This document claimed to terminate the effectiveness of the deeds of trust of both Defendant Nutter and Defendant NCHFA. (Compl. at 3). According to Defendants neither Defendant Nutter nor Defendant NCHFA agreed to this substitute trustee. Foreclosure proceedings continued despite the documents filed by Plaintiff.

Parties agree that on August 5, 2015, Defendant Holly Robinson held a Foreclosure Hearing. (Compl. at 4). Defendant Robinson is a resident of North Carolina. (Compl. at 2). On this same day Defendant Robinson issued an Order Allowing Foreclosure. Plaintiff states that he was not allowed to attend the foreclosure hearing, and Defendant Karen Bumgardner did not allow Plaintiff to file a timely appeal. (Compl. at 4-5). Defendant Bumgardner is a resident of North Carolina. (Compl. at 2).

On September 9, 2015 Defendant Rogers auctioned the property pursuant to Defendant Robinson's order. (Compl. at 5). Defendant Nutter was the highest bidder at auction at $88,400.00. (Doc. No. 10, Ex. K). Plaintiff submitted an offer of one ounce of silver, but this offer was rejected. (Compl. at 5). Plaintiff also informed Defendant Rogers that Ballentine International Express Trust owned the property, but Defendant Rogers continued with the sale. (Compl. at 5).

Plaintiff then filed this action requesting injunctive relief by way of voiding the foreclosure sale of the property in question, voiding the foreclosure hearing held by Defendant Robinson, and seeing that "Complainant is granted Quiet Title and removal of all cloud title." (Compl. at 7).

3

Plaintiff also appears to request an accounting of all money Vazquez paid to Defendants Nutter and NCHFA after the July 6, 2015. (Compl. at 7). Plaintiff further requests Defendants pay for all costs and damages arising from this action and the foreclosure action. (Compl. at 7).

## II.     12(b)(1) MOTION TO DISMISS

All responding Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) contending that this Court lacks subject matter jurisdiction over Plaintiff's claims. Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The Federal Rules of Civil Procedure anticipate this issue and provide that "[i] the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. Pro. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Fourth Circuit explained:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870,

872 (4th Cir. 1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir. 1989).

Id., at 768-69. The Court may determine whether subject matter jurisdiction exists at any time and may do so on its own motion, that is, without motion of a defendant. All responding Defendants have moved to dismiss for lack of subject matter jurisdiction. The Court notes that based on some of the arguments in Defendants' motion, the Court must consider whether dismissal of the whole complaint against **all** defendants – including those who have not yet responded—is proper. See Fed. R. Civ. Pro. 12(h)(3).

By Plaintiff's admission the claim here arises under North Carolina real property law covered by N.C. Gen. Stat. §§ 45-21.2, 45-36.20, and 45-37(a)(7). (Compl. at 4). For a claim to fall within federal question jurisdiction, the claim must arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff claims that federal jurisdiction arises under language contained in the Deed of Trust created by Defendant Nutter. (Doc. No. 10, Ex. C ¶ 14). However, the law in question ultimately arises under North Carolina law rather than any federal statutes. There are no other indications in the Complaint that would allege a federal question. Consequently, this Court does not have any federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff's suit also lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction under this statute would require Plaintiff to be diverse from all Defendants, and produce a claim for greater than $75,000. Defendants Hutchens, Schmidt, Collins, Rogers, NCHFA, Robinson, and Bumgardner are all citizens of North Carolina. Plaintiff's citizenship is unclear, but based on the address he provides on his envelopes it appears that Plaintiff's citizenship is also in North Carolina. Since Plaintiff and at least one of the defendants are citizens of North

Carolina there is not complete diversity. If Plaintiff's presumed citizenship is not correct then the burden was on Plaintiff to prove diversity as the burden is on the plaintiff to prove subject matter jurisdiction. Adams, 697 F.2d at 1219. The amount in controversy requirement need not be addressed since complete diversity does not exist.

Due to the lack of subject matter jurisdiction under Rule 12(b)(1), the application of the Rooker-Feldman Doctrine need not be addressed in depth. However, Defendants are correct in stating that federal courts cannot be used as appellate courts for state court decisions. Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006). To the extent Plaintiff is trying to use this Court to overturn an unfavorable decision made in the Superior Court for Forsyth County, the Court does not have jurisdiction.

Lack of subject matter jurisdiction can be brought up by the court *sua sponte*, so claims against all Defendants, even those that have not responded, will be dismissed if such jurisdiction does not exist. Having found a lack of subject matter jurisdiction, this Court dismisses claims against all Defendants pursuant to Fed. R. Civ. P. 12(b)(1).

### III.    CONCLUSION

Because of the lack of federal question jurisdiction and diversity jurisdiction, the Court dismisses Plaintiff's claims against all Defendants.[2] The dismissal under Federal Rule of Civil Procedure 12(b)(1) makes rulings under Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) unnecessary. Granting an order to dismiss under Rule 12(b)(6) would require further analysis of state law which is prohibited as this court lacks subject matter jurisdiction. Because this case is not being dismissed based on the merits it cannot be dismissed with prejudice. Therefore,

---

[2] Including Defendants Surety Insurance Company, Holly Robinson, and Karen Bumgardner.

Defendants' motions to dismiss are GRANTED based on Rule 12(b)(1) and deemed as moot as to all other grounds stated in their motions. Because the Court can dismiss a case on jurisdictional grounds *sua sponte*, it hereby dismisses Plaintiff's claims against all Defendants without prejudice.

IT IS SO ORDERED.

Signed: May 31, 2016

Frank D. Whitney
Chief United States District Judge